Desiderio CHAZULLE–
PEREZ Plaintiff

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO; Departamento De Estado De Puerto Rico; Junta Examinadora Tecnicos Y Mecanicos Automotrices; Eduardo Davila–Marrero, in personal and public official capacities; Jose A. Hernandez–Renta, in personal and public official capacities; Angel Motta–Santiago, in personal and public official capacities; Julio Perez–Figueroa, in personal and public official capacities Defendants

No. CIV 00–1783CCC.

United States District Court,
D. Puerto Rico.

June 19, 2001.

---

12(b)(6) Fed.R.Civ.P. filed on November 13, 2000 (**docket entry 12**) by co-defendants Eduardo Dávila–Marrero, José A. Hernández–Rentas, Julio Pérez–Figueroa and Angel Motta–Santiago and plaintiff's opposition (**docket entry 15**). This is a section 1983 claim based on the alleged refusal on the part of defendants to renew plaintiff's license as an automobile technician. Movants contend that: (1) plaintiff failed to allege a basis for federal jurisdiction; and (2) plaintiff failed to state a claim upon which relief can be granted.

## BACKGROUND

The following facts alleged in the complaint are presumed to be true for the purpose of resolving the motion to dismiss filed by the defendants. *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49,51 (1st Cir.1990).

Plaintiff, a resident of Fajardo, Puerto Rico, had been licensed as an automotive mechanic since 1977. In 1997, he filed a renewal request before the Examining Board of Automotive Technicians and Mechanics to have his license renewed. The board denied plaintiff's request allegedly based on an erroneous interpretation of an amendment of Article 8(b) of Law 220. Claimant, upon receiving the denial, requested a reconsideration of the Board's determination which was also denied. He contends that the defendants' negligent acts deprived him of his proprietary rights without due process.

## DISCUSSION

■ Plaintiff has failed to properly articulate a due process claim under the Fourteenth Amendment.[1] The complaint,

Frank E. Pola, Jr., Hato Rey, PR, for Plaintiff.

Anabelle Rodriguez, Secretary of Justice, Commonwealth of Puerto Rico by Leticia Ramirez–Rangel, Federal Litigation Division, San Juan, PR, for Defendants.

### ORDER

CEREZO, District Judge.

Presently before the Court is defendants' Motion to Dismiss pursuant to Rule

---

1. The Fourteenth Amendment section 1 provides that: "All persons born and naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which

at paragraph 10 alleges that the events alleged therein were caused by movant's **negligence**. The complaint specifically alleged that: "the events that caused the claim presented in this complaint where [sic] **caused by the exclusive negligence of the defendants**." (Emphasis ours.) The Supreme Court in *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986), held that: " ...the Due Process Clause is not implicated by a **negligent act** of an official causing unintended loss of or injury to life, liberty, or property." (Emphasis ours.) *See also DeShaney v. Winnebago County DSS*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989); *County of Sacramento v. Lewis*, 523 U.S. 833, 848, 118 S.Ct. 1708 1717–1718, 140 L.Ed.2d 1043("We have accordingly rejected the lowest common denominator of customary tort liability as any mark of sufficiently shocking conduct, and have held that the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."); *Andaluz v. Guzman*, 1997 WL 714867 (D.P.R.1997)("Therefore, negligent conduct is not actionable under § 1983"), *Daniels* also concluded that the due process clause applies only to those circumstances where the state actor has deliberately intended to deprive a person of life, liberty, or property. *Daniels, supra*, at 665. A review of the allegations set forth in the complaint show that plaintiff has failed to allege that defendants deliberately intended to deprive him of his life, property, or liberty interests. His allegation is no different from a garden variety tort claim.

Although the complaint must be construed in the light must favorable to the plaintiff, a motion to dismiss for failure to state a claim must be granted, if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). As a rule, the plaintiff cannot rest on 'subjective characterization' or conclusory descriptions of a general scenario to support his claim. *Judge v. City of Lowell*, 160 F.3d 67, 77 (1st Cir.1998).

In view of the foregoing, the Motion to Dismiss filed by co-defendants Eduardo Dávila–Marrero, José A. Hernández–Rentas, Julio Pérez–Figueroa and Angel Motta–Santiago (**docket entry 12**), the same is **GRANTED**.

SO ORDERED.

### PARTIAL JUDGMENT

Pursuant to our Order of this same date, this action is DISMISSED as to co-defendants Eduardo DávilaMarrero, José A. Hernández–Rentas, Jullo Pérez–Figueroa and Angel Motta–Santiago.

SO ORDERED AND ADJUDGED.

shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."